UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-76-MOC

| | |
|---|---|
| SHEILA ANN TRANTHAM, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| STEVEN G. TATE, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

**THIS MATTER** is before the Court on an appeal from the United States Bankruptcy Court for the Western District of North Carolina, filed by Sheila Ann Trantham (hereinafter "Debtor/Appellant" or "Appellant") on June 8, 2022. The Court held a hearing on the appeal on October 4, 2022.

I.    BACKGROUND

**A. The Bankruptcy Court's Local Form 4 Plan.**

Federal Rule of Bankruptcy Procedure 9029 allows the District Court to approve local bankruptcy rules governing practice and procedure in all cases and proceedings that are consistent with but not duplicative of Acts of Congress and these rules. See FED. R. BANKR. P. 9029(a). The District Court has approved the Local Rules enacted by the Bankruptcy Court for the Western District of North Carolina.[1] The Bankruptcy Court for the Western District of North Carolina has a long-standing history of providing in its chapter 13 plan form language that

---

[1] The most recent version of the approved Local Rules for the Bankruptcy Court went into effect on September 1, 2021, per Administrative Order 1039 entered by the Bankruptcy Court for the Western District of North Carolina on September 1, 2021.

-1-

property of the estate vests in the estate until the plan is completed. The Western District of North Carolina Bankruptcy Court has adopted a Local Form 4 Plan to be used in all bankruptcy cases filed in the Western District of North Carolina. The Local Rules Committee and the Bankruptcy Court update the Local Form 4 Plan every few years. The following provision is found in Section 5 of the General Provisions of the Local Form 4 Plans dated July 2007, August 2010, and March 2013:

> 5. Property of the estate includes all of the property specified in 11 U.S.C. § 541 and all property of the kind specified in such section acquired by the Debtor after commencement of the case but before the case is closed, dismissed, or converted to one under another chapter of the Code. All property of the Debtor remains vested in the estate until completion of the plan.

On December 1, 2017, amendments to the Federal Rules of Bankruptcy Procedure went into effect. Along with these amendments, a form chapter 13 national plan was developed, but districts were permitted to substitute the national form plan with a local form plan. See FED. R. BANKR. P. 3015(c); 3015.1.

The Bankruptcy Court for the Western District of North Carolina opted out of the National Chapter 13 Plan Form that was promulgated in 2017 and decided to retain and slightly revise the language in its Local Form 4 Plan as relates to vesting of property of the estate. The Local Form 4 Chapter 13 Plan adopted by the Bankruptcy Court for the Western District of North Carolina in December 2017[2] is required to be used in all Chapter 13 bankruptcy cases filed in the Western District of North Carolina, and the Local Form 4 Plan includes a provision noted

---

[2] The latest version of the Local Form 4 Plan was adopted in September 2021. It includes minor changes to the Local Form 4 Plan that was adopted in December 2017. The provision as to vesting is the same in the September 2021 version as was included in the December 2017 version of the Local Form 4 Plan.

in footnote 3 as to the vesting of property of the estate in the estate until a final decree is entered.

**B. Debtor/Appellant Files a Plan that Strikes through the Standard Default Language in Section 7.1 of the Local Form 4 Plan as to Vesting of Property of the Estate.**

Debtor/Appellant filed a petition seeking relief under chapter 13 of Title 11 of the Bankruptcy Code[3] on September 22, 2021, in the United States Bankruptcy Court for the Western District of North Carolina, Asheville Division (hereinafter "Bankruptcy Court"), and was assigned case number 21-10178. On September 22, 2021, Debtor/Appellant filed her Chapter 13 Plan (Bankruptcy Doc. No. 3),[4] using the Local Form 4 Plan, the approved form plan for all cases filed in the Western District of North Carolina.

Debtor/Appellant's plan struck through the standard default language in Section 7.1 of the Local Form 4 Plan as to vesting of property of the estate. Furthermore, Debtor/Appellant's Plan included another provision in Section 8.1.17 that directly contradicts the standard language of Section 7.1.[5] Section 8.1.17 of the Debtor/Appellant's proposed plan added a nonstandard provision that confirmation of the plan vests all property of the estate in the debtor.

---

[3] Hereinafter, Title 11 of the United States Code will be referred to as "Bankruptcy Code" or as "Code." All citations with only a Section symbol refer to a section or subsection of the Bankruptcy Code, unless otherwise indicated.

[4] All citations to "Bankruptcy Docket" are to the docket of the underlying bankruptcy case, all of which have been submitted in the Appellant Designation of Contents for Inclusion in Record (District Court Doc. No. 2).

[5] The Local Form 4 Plan includes the following standard provision in Section 7.1 of the Plan:

> Property of the estate includes all of the property specified in 11 U.S.C. § 541 and all property of the kind specified in 11 U.S.C. § 1306 acquired by the Debtor after commencement of the case but before the case is closed, dismissed, or converted to one under another chapter of the Code. All property of the Debtor remains vested in the estate and will vest in the Debtor upon entry of the final decree.

-3-

**C. The Trustee Files an Objection to the Debtor/Appellant's Plan**

The Trustee filed an Objection to the Debtor/Appellant's Plan (Bankruptcy Doc. No. 13), because it altered the standard language that has been approved by the Bankruptcy Court as to vesting of property of the estate. A hearing was held on the Trustee's Objection to Confirmation on January 18, 2022. The Bankruptcy Court ruled that the Objection to Confirmation was sustained because the proposed plan did not comply with the Local Form 4 Plan, and gave Debtor/Appellant thirty days to file an amended plan.

In its Order Sustaining Trustee's Objection to Confirmation entered on January 28, 2022 (Bankruptcy Doc. No. 19, hereinafter "Bankruptcy Court Order"), the Bankruptcy Court set forth a detailed analysis of its policy for having property of the estate remain vested in the estate until the case is completed, making the following substantive findings:

> Section 1322(b)(9) of the Code allows the plan to "provide for the vesting of property of the estate, on confirmation of the plan or at a later time." The language of the Debtor's nonstandard provision is not contrary to a specific provision of the Code; however, the Local Form already includes a provision in Section 7.1 regarding vesting, which vests property of the estate in the debtor upon entry of the final decree. As a result, the Debtor's nonstandard provision is contrary to the Local Form.
>
> [T]he Local Form is not in contradiction with § 1322(b)(9). Rather, the Local Form provides for vesting of the property of the estate "at a later time." In McIntosh, the Eastern District of Missouri disallowed a similar plan provision regarding vesting since the debtor's provision in that case was contrary to the language of the model plan. In re McIntosh, No. 12-46715-399, 2012 WL 6005761, at *6 (Bankr. E.D. Mo. Nov. 30, 2012). The court in that case held that "[o]ther than the [d]ebtor's allegation that she has the right to choose the vesting period . . . the [d]ebtor provides no further explanation regarding why she wants property of the [d]ebtor's estate to revest in the [d]ebtor later than at confirmation, she alleges no other substantive right that was allegedly violated, and she has not demonstrated why the Model Plan language should be changed in this case. And this [c]ourt sees no reason to modify the vesting provision of the Model Plan." Id.
>
> The Debtor provides no explanation supporting her choice to vest property of the

> estate at confirmation and has not demonstrated why the Local Form should be changed in this case. Standard plan forms are essential for courts to promote efficiency and consistency. See id. at *3. The drafters of the Local Form's decision to vest property of the estate upon entry of the final decree reflects the court's long-standing policy on when property of the estate vests in the debtor. Therefore, the Debtor's attempt to strike the language in Part 7.1 regarding vesting without explanation is inappropriate, as is her attempt to add the nonstandard provision in Part 8.1.17.

Bankruptcy Court Order at **2–3.

On March 4, 2022, Debtor/Appellant filed an Amended Plan (Bankruptcy Doc. No. 26) that included the approved standard language in the Local Form 4 Plan as to vesting. The Order Confirming Plan (Bankruptcy Doc. No. 32) was entered on March 30, 2022. On April 6, 2022, Debtor/Appellant timely filed her Notice of Appeal with the Bankruptcy Court (Bankruptcy Doc. No. 34), and the appeal was docketed with this Court on April 7, 2022.

## II. DISCUSSION

### A. The Local Form 4 Plan Language Does Not Contradict the Dictates of the Bankruptcy Code.

In her appeal, Debtor/Appellant contends that the Local Form 4 Plan contradicts the Bankruptcy Code. The Court disagrees. Section 1327(b) of the Bankruptcy Code provides that confirmation of the plan vests all of the property of the estate in the debtor unless the order of confirmation provides otherwise. In the Western District of North Carolina, the order of confirmation provides otherwise, as Section 1327(b) expressly allows. The order of confirmation incorporates the terms of the plan, and the Local Form 4 Plan provides that property remains vested in the estate until the final decree is entered.

Likewise, Section 1322(a) provides mandatory provisions for a chapter 13 plan. Section 1322(b) provides discretionary provisions, such as the vesting of property of the estate, on

confirmation of the plan or at a later time, in the debtor or in any other entity. See § 1322(b)(9). The Western District of North Carolina decided long ago that vesting of property of the estate in its cases should happen at a later time, as provided for in the standard language of the Local Form 4 Plan. This Local Form 4 Plan language as to vesting complies with the explicit provision of Section 1322(b)(9).

Debtor/Appellant asserts that the Fourth Circuit's LVNV Funding opinion held that the bankruptcy court lacks authority to impose additional requirements on plan confirmation other than what is contained in §§ 1322 and 1325(a)(3), (4), (7). See (Brief of Appellant, District Court Doc. No. 3 at 14–15, 17–18, 22). However, this was not the holding in LVNV Funding. Rather, the holding of LVNV Funding was that a chapter 13 debtor's objections to claims filed by an unsecured creditor were not barred by res judicata based on the prior confirmation of the plan. See LVNV Funding, LLC v. Harling, 852 F.3d 367 (4th Cir. 2017). The purported "holding" cited by Debtor/Appellant was merely part of the Court's analytical introduction, which included reference to the Code's statutory scheme in determining the application of res judicata. Here, the Bankruptcy Court's Order does not contravene LVNV Funding.

Furthermore, courts have made clear that local form plans exist for the purpose of facilitating review by the parties in interest in a chapter 13 case. In In re Mank, No. 19-04199, 2020 WL 1228671, (Bankr. E.D.N.C. Mar. 3, 2020), an amended plan filed by the debtor included nonstandard provisions which proposed that property owned by the debtor at the time of filing shall vest in debtor upon confirmation, which conflicted with the local plan form. The trustee objected to the amended plan because the vesting provision did not satisfy the good faith requirement of Section 1325(a)(3) and did not comply with other provisions of chapter 13 under

-6-

Section 1325(a)(1). See id. at *2. The Mank court determined that confirmation of an amended plan which included nonstandard provisions that were not appropriate to the case should be denied:

> Bankruptcy Rule 3015(c) permits the inclusion of nonstandard provisions in a chapter 13 plan and defines a "nonstandard provision" as one that is "not otherwise included in the Official or Local Form or deviating from it." Fed. R. Bankr. P. 3015(c). A chapter 13 plan may include in its content "any other appropriate provision not inconsistent with [the Bankruptcy Code]." 11 U.S.C. § 1322(b)(11). [T]he Local Form plan exists to facilitate review by the court, the chapter 13 trustee, and the creditors. In re Grantham, No. 03-00165-W13, 2003 Bankr. LEXIS 2080 at *7 (Bankr. E.D. Wash. May 21, 2003). Utilizing the Local Form for chapter 13 plans not only complies with Bankruptcy Rule 3015(c), but also is consistent with one of the Bankruptcy Code's main objectives: efficient administration of bankruptcy cases. In re McIntosh, No. 12-46715-399, 2012 Bankr. LEXIS 5584, at *8 (Bankr. E.D. Mo. Nov. 30, 2012); In re Madera, 445 B.R. 509, 515 (Bankr. D.S.C. 2011). While nonstandard provisions may be included in a plan under section 1322(b)(11), those provisions must be "appropriate" and "not inconsistent" with the Bankruptcy Code. 11 U.S.C. § 1322(b)(11); In re Parkman, 589 B.R. 567, 574–75 (Bankr. S.D. Miss. 2018).

Id. at *2. The Mank court held that it is inappropriate for debtors to propose a plan that does not comply with the local form plan:

> [A]llowing debtors' attorneys to create "standard nonstandard" provisions in chapter 13 plans would enable debtors' attorneys to create a new form plan without complying with the procedure for altering the Local Form. See In re Russell, 458 B.R. 731, 735–37 (Bankr. E.D. Va. 2010) (denying confirmation where additional plan provisions were "emphatically not peculiar to [the] debtor and his financial circumstances but rather [sought] to substitute counsel's vision of an appropriate uniform plan for the one adopted by the court"); In re Grantham, No. 03-00165-W13, 2003 Bankr. LEXIS 2080, at *7 (Bankr. E.D. Wash. May 21, 2003) (denying confirmation where counsel for the debtor consistently added eight additional paragraphs to the form chapter 13 plan). Condoning such a practice would be contrary to the purpose of adopting a Local Form and would impede efficient review and administration of chapter 13 plans. See In re McIntosh, No. 12-46715-399, 2012 Bankr. LEXIS 5584, at *8 (Bankr. E.D. Mo. Nov. 30, 2012); In re Grantham, 2003 Bankr. LEXIS 2080, at *7.

Id. at *4. The court concluded that "[r]egardless of the importance of a legal issue, a debtor

-7-

cannot request that the court determine any unrelated legal issue by including an interpretation of the law as a nonstandard plan provision." Id. at *6.

Mank's reasoning is wholly applicable to the facts of this case. The Bankruptcy Court has determined that all chapter 13 plans should include the standard provision that property of the estate vests in the estate until the final decree is entered. An attempt to include a nonstandard provision in a plan filed in the Western District of North Carolina, that contradicts this standard provision, is inappropriate, and a plan that includes such a contradicting nonstandard provision cannot be confirmed.

Moreover, as Appellee notes, risks and practical problems would arise if property of the estate vests in a debtor at confirmation. From the Trustee's perspective, the risks to a debtor of vesting at confirmation are significant. The stay of acts by creditors against property of the estate is one of the main reasons debtors file for bankruptcy: the stay protects the debtor from foreclosure of her home or repossession of her vehicle or seizure of money in her bank accounts. If property of the estate vests in the debtor, the stay protection is taken away. Given that plan confirmation typically happens within the first six months of a case, a debtor is thereby left exposed for another 54 months of a 60-month plan term, wherein she does not have the protection of the automatic stay. If the debtor misses any post-petition bankruptcy plan payment, the creditor can foreclose and/or repossess. The Trustee asserts, and this Court agrees, that this is the most compelling reason for not having property of the estate vest in the estate until the final decree is entered. The overarching goal is to protect the debtor and her property that she is trying to keep by filing for bankruptcy.

Moreover, the Western District of North Carolina Bankruptcy Court has enacted certain

-8-

rules to comply with the necessary oversight contemplated by the Code. One of the Bankruptcy Court's local rules requires debtors to get trustee or court approval before disposing of non-exempt property of the estate (W.D.N.C. L.R. 4002-1(e)(1)).[6] Another Bankruptcy Court local rule governs the parameters under which a debtor may be approved for obtaining credit (W.D.N.C. L.R. 4002-1(e)(2)).[7] The purpose of these specific local rules is to ensure that there is some oversight by the parties responsible for administering the chapter 13 cases to a successful completion.

These guidelines as to Code-envisioned oversight in a bankruptcy case were set forth by the In re Rangel court:

> The proffered benefit of this theory [of revesting property of the estate in the debtor at confirmation] is that a debtor will be able to obtain credit easily and a creditor to whom that debtor would be indebted will be easily able to collect on that debt. The Court questions this benefit. First, if the theory behind Chapter 13 is that a debtor is to devote disposable income to the repayment of creditors, it is unclear why the Code should be interpreted to enable a debtor to incur more debt. Second, the Code and our local rules contemplate oversight of the obtaining of credit which indicates that it was not Congress' intent to ensure a debtor could easily obtain credit post-petition. Third, the Code provides a mechanism for the repayment of a creditor who has extended credit for property or services which were necessary for a debtor to effectuate the plan. That Congress chose not to include all post-petition creditors seems to indicate that those creditors who extend credit for property or services which are not necessary to the plan do so at the peril of not being able to collect on that debt until the debtor is free from the

---

[6] W.D.N.C. L.R. 4002-1(e)(1) states:
**Disposition of Non-exempt Property of the Estate.** The debtor shall not dispose of non-exempt property of the estate having a fair market value of more than $2,500 by sale or otherwise without prior notice to the Chapter 13 trustee of such disposition. This shall be a cumulative, rather than a per-transaction, dollar limitation over the life of the plan.

[7] W.D.N.C. L.R. 4002-1(e)(2) states:
**Obtaining Credit.** The Chapter 13 trustee may approve debtor requests to incur credit not to exceed $25,000 provided that the proposed credit transaction will be unsecured or secured only by personal property. All other debtor requests to incur credit must be approved by the court.

-9-

bankruptcy. See Annese v. Kolenda (In re Kolenda), 212 B.R. 851, 855 (Bankr. W.D. Mich. 1997) ("To allow post-confirmation creditors to undermine the ability of pre-confirmation creditor to be paid would place creditors who were or should have been aware of debtors' financial difficulties in a better position than those who may have extended credit before debtors' precarious financial position arose."). Such a conclusion makes sense in light of the Code policy that all of a debtor's disposable income, not just a portion, should be dedicated to the plan.

In re Rangel, 233 B.R. 191, 196 (Bankr. D. Mass. 1999).

As the In re Rangel court discussed, if property vests in the debtor at confirmation, then several Code sections related to the administration of a chapter 13 estate are rendered meaningless:

> Under the line of cases which give great weight to § 1327(b), various statutes are rendered meaningless or superfluous. For example, § 1305 provides the grounds under which a post-confirmation creditor can file a proof of claim. If there is no post-confirmation estate and stay, a post-confirmation creditor would not need to file such a claim. If § 1327(b) revests property of the estate in a debtor, the language in § 1306 (property of the estate remains as such until the case is "closed, dismissed or converted"), § 704(9) (trustee to administer estate) and § 1329 (trustee and unsecured creditor can seek to amend plan) is rendered superfluous. Furthermore, it would render unnecessary the application of Fed. R. Bankr. P. 4001 and 6004 post-confirmation as a debtor would not have to seek court approval to sell or encumber real property which is not property of the estate.

Id. at 195–96.[8]

---

[8] Various important Code provisions that govern chapter 13 administration would have no meaning and effect if property vests in the debtor at confirmation. Section 1322(a)(1) provides for supervision and control by the trustee over monies and property of the estate committed to the plan. If the property vests in the debtor at confirmation, then there is no property with which the trustee can administer the estate. Section 345 provides that the trustee is authorized to deposit or invest money of the estate. Section 347(a) provides that the trustee shall stop payment on any unpaid checks 90 days after the filed distribution and the remaining property of the estate is to be paid into the court. Section 1302(b)(1) requires the trustee to make a final report and file a final account of the administration of the estate. Section 349(b)(3) states that unless the court orders otherwise, dismissal of a chapter 13 case revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case. The plain language of Section 349(b)(3) should be understood to mean that the property was vested in debtor before

-10-

Another line of cases has surmised Congress' intent in drafting the specific language of Section 1306(a). The court in In re Leavell stated as follows: "Congress did not say in § 1306(a) that earnings and properties acquired post-petition are property of the estate until the Chapter 13 plan is confirmed. Rather, it said that such property and earnings are property of the estate until the case is closed, dismissed, or converted." In re Leavell, 190 B.R. 536, 539 (Bankr. E.D. Va. 1995) (citing In re Thompson, 142 Bankr. 961, 963 (Bankr. Co. 1992)).

Finally, if property of the estate vested in a debtor at confirmation, then this would nullify the important findings in cases such as Goodman v. Gorman, 534 B.R. 656 (E.D. Va. 2015) and Carroll v. Logan, 735 F.3d 147 (4th Cir. 2013). In Goodman, the Court held that property of the estate did not vest in a debtor upon confirmation of the chapter 13 plan because under the Carroll analysis, an inheritance received before the case is closed, dismissed, or converted is property of the bankruptcy estate under Section 1306(a) and should be used to repay debtor's creditors. Otherwise, if such an inheritance were to be property vested in the debtor post-confirmation, then the debtor would get a windfall, to the detriment of her creditors.

In sum, the Code sections outlined herein and the Local Rules that have been enacted to carry out those Code provisions all support the conclusion that property should not be vested back to the debtor at confirmation, but rather, at a later time. Thus, Debtor/Appellant's modified plan was inappropriate.

**B. Alternatively, Debtor/Appellant Has Not Established that She is Adversely Impacted from the Applicability of the District-Approved Language of the Local Rules and**

---

the commencement of the case, so it must be vested in some other entity (the bankruptcy estate) during the pendency of the bankruptcy case, in order for the property to revest in debtor upon dismissal.

**Local Plan Form.**

The Trustee also asserts that Debtor/Appellant does not have standing to challenge the Bankruptcy Court's Order sustaining the Objection to Confirmation, because there has been no showing that her case will be negatively impacted by the application of the Local Rules and Local Form 4 Plan standard provisions. The Court agrees. More specifically, Debtor/Appellant has not established that she is "directly and adversely affected pecuniarily" by the general applicability of the Local Bankruptcy Rules and the Local Form 4 Plan language that states that property of the estate vests in the estate until the final decree. See Butala v. Logan, No. 5:18-cv-376, 2019 WL 826368, at *2 (E.D.N.C. Feb. 21, 2019) (finding that a debtor lacked standing to challenge a local rule requiring motions to approves sales because the debtor had not established that he was "directly and adversely affected pecuniarily" by the general applicability of the Local Bankruptcy Rules to debtors that initiate Chapter 13 cases in the district). Debtor/Appellant states that she has minimal assets, and she does not assert any specific cause of action that she has or will have that will benefit her if the property were to vest to her at confirmation, rather than when the final decree is entered.

### III.   CONCLUSION

In sum, for the reasons stated herein, the Court finds that the Bankruptcy Court properly exercised the authority granted to it by this Court in promulgating Local Rules and the Local Form 4 Plan, and the Bankruptcy Court properly exercised its authority in sustaining the Objection to Confirmation of Debtor/Appellant's Plan, because the plan included contradictory terms from the Local Form 4 Plan as to vesting of property of the estate. Alternatively, the relief sought in the appeal is denied because the Debtor/Appellant lacks standing and has not suffered

-12-

Case 1:22-cv-00076-MOC   Document 6   Filed 11/21/22   Page 12 of 13

any injury or harm from the Bankruptcy Court Order sustaining the Trustee's Objection to Confirmation of Plan.

## **ORDER**

In sum, for the reasons stated herein, the ruling of the Bankruptcy is affirmed.

**IT IS SO ORDERED.**

Signed: November 18, 2022

Max O. Cogburn Jr
United States District Judge